

### U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Rahul Agarwal*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/297-4935*

RA/PL AGR

July 8, 2013

Kevin Carlucci, Esq.
Assistant Federal Public Defender
Federal Public Defender's Office
1002 Broad Street
Newark, New Jersey 07102

Re: Plea Agreement with PEGGY ALBEDHADY-SANCHEZ
    13-CR-171 (CCC)

Dear Mr. Carlucci:

        This letter sets forth the plea agreement between your client, PEGGY ALBEDHADY-SANCHEZ, and the United States Attorney for the District of New Jersey ("this Office").

Charges

        Conditioned on the understandings specified below, this Office will accept a guilty plea from PEGGY ALBEDHADY-SANCHEZ to the Indictment, Criminal No. 13-171 (CCC), which charges her with assaulting flight crew members and flight attendants on or about March 27, 2012. If ALBEDHADY-SANCHEZ enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ALBEDHADY-SANCHEZ for assaulting flight crew members and flight attendants on or about March 27, 2012, while on board U.S. Airways flight 1697 traveling from Newark, New Jersey, to the Southwest Florida International Airport. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ALBEDHADY-SANCHEZ may be commenced against her, notwithstanding the expiration of the limitations period after ALBEDHADY-SANCHEZ signs the agreement.

Sentencing

        The violation of 49 U.S.C. § 46504 to which ALBEDHADY-SANCHEZ agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory

maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ALBEDHADY-SANCHEZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ALBEDHADY-SANCHEZ ultimately will receive.

Further, in addition to imposing any other penalty on ALBEDHADY-SANCHEZ, the sentencing judge: (1) will order ALBEDHADY-SANCHEZ to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order ALBEDHADY-SANCHEZ to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order forfeiture, pursuant to 18 U.S.C. § 981; and (4) pursuant to 18 U.S.C. § 3583, may require ALBEDHADY-SANCHEZ to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ALBEDHADY-SANCHEZ be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ALBEDHADY-SANCHEZ may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ALBEDHADY-SANCHEZ by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ALBEDHADY-SANCHEZ's activities and relevant conduct with respect to this case.

## Stipulations

This Office and ALBEDHADY-SANCHEZ agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea

- 2 -

agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or ALBEDHADY-SANCHEZ from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ALBEDHADY-SANCHEZ waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ALBEDHADY-SANCHEZ. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against ALBEDHADY-SANCHEZ.

No Other Promises

This agreement constitutes the plea agreement between ALBEDHADY-SANCHEZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Rahul Agarwal
Assistant U.S. Attorney

APPROVED:

Lisa Colone
Chief, General Crimes Unit

- 4 -

I have received this letter from my attorney, Kevin Carlucci, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 10-9-14
PEGGY ALBEDHADY-SANCHEZ


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 10/9/14
KEVIN CARLUCCI, ESQ.

Plea Agreement With ALBEDHADY-SANCHEZ

## Schedule A

1. This Office and ALBEDHADY-SANCHEZ recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and ALBEDHADY-SANCHEZ nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence ALBEDHADY-SANCHEZ within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and ALBEDHADY-SANCHEZ further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case. The applicable guidelines are U.S.S.G. § 2A5.2 and U.S.S.G. § 2A2.3.

3. Because an assault occurred, the most analogous assault guideline sets forth the appropriate base offense level. See U.S.S.G. § 2A5.2(a)(3).

4. The assault involved physical contact. Accordingly, ALBEDHADY-SANCHEZ's Base Offense Level is 7. See U.S.S.G. § 2A2.3(a)(1).

5. As of the date of this letter, ALBEDHADY-SANCHEZ has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if ALBEDHADY-SANCHEZ's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to ALBEDHADY-SANCHEZ is 5 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 5 is reasonable.

8. ALBEDHADY-SANCHEZ knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 5. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 5. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal

history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.